IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT PEOPLES, :
:
     Petitioner :
:
  v. : CIVIL NO. 4:CV-14-487
:
VINCENT MOONEY, : (Judge Brann)
:
     Respondent :

## MEMORANDUM

June 16, 2015

**Background**

    This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was initiated by Robert Peoples, an inmate presently incarcerated at the State Correctional Institution, Graterford, Pennsylvania, (SCI-Graterford). Named as Respondent is Superintendent Vincent Mooney who is employed at Petitioner's prior place of confinement, State Correctional Institution, Coal Township, Pennsylvania, (SCI-Coal Twp.).[1]

    Peoples entered a guilty plea to charges of disseminating photos/films depicting child sex acts (4 counts); possession of child pornography (4 counts);

---

[1] This action was initiated while Petitioner was still held at SCI-Coal Twp.

criminal attempt of disseminating photos/films depicting child sex acts (8 counts) and criminal use of a communication facility (2 counts) on July 14, 2004 in the Court of Common Pleas of Lackawanna County, Pennsylvania.  Petitioner was sentenced to serve a fourteen and a half (14 ½)  to thirty-four (34) year, five (5) month term of confinement on February 9, 2005.[2]

Peoples's motion for reduction of sentence was filed and denied on February 16, 2005.  Petitioner acknowledges that he did not file a direct appeal. See Doc. 1, ¶ 8.  However, on February 9, 2006, he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3]  Petitioner's PCRA action argued that his guilty plea was unlawfully induced and he was provided with ineffective assistance of counsel.  The petition was denied by the Court of Common Pleas on December 6, 2006, following an evidentiary hearing.

Petitioner appealed that decision to the Pennsylvania Superior Court.  By decision dated March 3, 2008, the Superior Court remanded Peoples' case to the

---

[2] Respondent indicates that it was actually 35 years and 4 months. See Doc. 23, ¶ 3.

[3] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Court of Common Pleas with instructions to supplement the record to include transcripts from the oral guilty plea colloquy, sentencing proceedings and the December 5, 2006 PCRA hearing. In accordance with the Superior Court's decision, new counsel was appointed for Peoples and it is undisputed that the PCRA action on remand is still pending.

In his pending action, Petitioner seeks federal habeas corpus relief on the grounds that: (1) the Commonwealth breached the terms of the plea agreement. (Ground One); (2) the plea agreement breach claim was not thereafter pursued due to ineffective assistance of counsel (Ground Two); (3) trial counsel was ineffective for failure to investigate and present viable defenses (Ground Three); and (4) PCRA counsel was deficient for not pursing claims of vindictive and selective prosecution (Ground Four). Petitioner argues that although his claims were not exhausted before the Pennsylvania state courts, non-exhaustion should be excused on the grounds of inordinate delay.

The Respondent 's initial response sought dismissal of Petitioner's action on the basis that he failed to exhaust his state court remedies with respects to the claims asserted in Grounds One, Two and Three and that Ground Four was subject to dismissal because an allegation of ineffective assistance of PCRA counsel cannot be pursued under § 2254.

By Order dated May 6, 2015, the request for dismissal of Ground Four was granted and the parties were directed to file supplemental written status reports indicating the present status of Peoples' PCRA action and addressing their respective positions with respect to the inordinate delay issue in regards to Petitioner's surviving claims.[4]  See Doc. 40.

**Discussion**

As previously discussed by this Court's May 6, 2015 Order, Respondent contends that Petitioner's remaining claims are subject to dismissal because he failed to exhaust his state court remedies.  See  Doc. 23, pp. 7-8.   Specifically, Respondent argues that since Grounds  One, Two and Three of this action were solely raised in Peoples' PCRA petition which remains pending before the Court of Common Pleas, those contentions are unexhausted and should not be permitted to proceed.  Petitioner counters that the exhaustion requirement should be excused due to the inordinate delay in disposition of his remanded PCRA action by the Court of Common Pleas.  See Doc. 33, p. 13.

---

[4] The Order observed that since a period of more than seven years lapsed since the Superior Court's March 3, 2008 remand, Petitioner's argument of inordinate delay has arguable merit.   However, on the flip side it was noted since the filing of a response in this matter, a video status conference was conducted by the Court of Common Pleas and an Amended PCRA petition was filed.

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process).  The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).  The

5

exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

Respondent's supplemental status report asserts that although Petitioner's remanded PCRA action "has been pending for some time" an evidentiary hearing has been scheduled on the PCRA action for June 22, 2015. Doc. 42, p. 1. Petitioner likewise acknowledges that an evidentiary hearing has been scheduled to be convened in approximately one week. Although the prolonged delay in disposition of Peoples' PCRA action is a matter of concern, in light of the scheduling of an imminent evidentiary hearing by the Court of Common Pleas and recognizing that state courts should be afforded an initial opportunity to review the

merits of Peoples' claims, Petitioner's request that exhaustion be excused on the basis of inordinate delay will be denied.[5]

The request for dismissal of Grounds One, Two, and Three on the basis of non-exhaustion of state remedies will be granted. Petitioner's remaining claims will be dismissed without prejudice and he may seek federal habeas corpus review of said arguments upon exhaustion of his state court remedies or if there is further unwarranted, prolonged delay in the disposition of his PCRA action. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[5] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986).